IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KATHRYN COPELAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00341-O-BP |
| | § | |
| JESUS NEVAREZ, JR., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the "Motion for Injunctive Relief and Declaratory Judgment Due to Denial of ADA Accommodations and Civil Rights Violations" (ECF No. 8) filed by Plaintiff Kathryn Copeland ("Copeland") on May 28, 2024. This case was automatically referred to the undersigned pursuant to Special Order 3 on April 17, 2024. ECF No. 1. For the foregoing reasons, the undersigned **RECCOMMENDS** that United States District Judge Reed O'Connor **DENY** the Motion.

**I.   BACKGROUND**

On April 17, 2024, Copeland sued Defendants, two state court judges and "Tarrant County (Family Courts)," for violating the ADA and her Fourteenth Amendment rights to due process and "to parenting." ECF No. 2. Copeland's claims stem from Defendants' actions in a "child custody modification case[,]" which is set for a hearing this Friday, May 31, 2024, "to enter the final order[.]" ECF No. 8 at 2. Copeland argues that she suffers from a number of disabilities, but that Defendants have not accommodated those disabilities, "severely impact[ing her] ability to participate fully in the legal proceedings [and] depriving her of a fair opportunity to defend her parental rights and present crucial evidence." *Id.* Copeland asks the Court to "[i]ssue an emergency

stay on current proceedings until [] accommodations [for her disabilities] are implemented." *Id.* at 4.

The Court construes this request as a motion for a temporary restraining order ("TRO"). Courts "may issue a preliminary injunction only on notice to the adverse part[ies]." Fed. R. Civ. P. 65(a)(1). Copeland proceeds *pro se*, and the case is currently undergoing judicial screening under 28 U.S.C. § 1915(e). *See* ECF No. 6. Accordingly, the Court ordered the Clerk to withhold service of process, until it finishes screening the complaint. *Id.* And although Rule 65 only requires notice, not service of process, *Whirlpool Corp. v. Shenzhen Sanlida Elec. Tech. Co., Ltd.*, 80 F.4th 536, 542 (5th Cir. 2023), *cert. denied sub nom. Shenzen Sanlida Elec. Tech. Co., Ltd. v. Whirlpool Corp.*, 144 S. Ct. 807 (2024), nothing in the record indicates that any of the Defendants have any notice of Copeland's Motion. Thus, the Court may only issue a TRO.

Copeland also seeks several kinds of non-injunctive relief. ECF No. 8. The Court construes these requests as her first amended complaint under Federal Rule of Civil Procedure 15(a)(1)(A).

## II.  LEGAL STANDARD

TROs "are 'extraordinary relief and rarely issued.'" *Greer's Ranch Cafe v. Guzman*, 540 F. Supp. 3d 638, 644 (N.D. Tex. 2021) (quoting *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999)). "A TRO is 'simply a highly accelerated and temporary form of preliminary injunctive relief,' which requires that the party seeking such relief establish the same four elements for obtaining a preliminary injunction." *Id*. (quoting *Hassani v. Napolitano*, No. 3:09-cv-1201-D, 2009 WL 2044596, at *1 (N.D. Tex. 2009)).

To obtain a temporary restraining order or preliminary injunction, the movant must show: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) the issuance of the preliminary

2

injunction [or TRO] will not disserve the public interest." *Texas v. United States*, 95 F. Supp. 3d 965, 973 (N.D. Tex. 2015) (collecting cases). A moving party must satisfy all four requirements for the court to grant a TRO. *Gonannies, Inc. v. Goupair.Com, Inc.*, 464 F. Supp. 2d 603, 607 (N.D. Tex. 2006). A TRO is an "extraordinary remedy," and the party seeking the remedy must clearly carry the burden of persuasion on each element to prevail. *See Miss. Power & Light Co. v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985). "The decision to grant a [TRO] is to be treated as the exception rather than the rule." *Id.*

### III.  ANALYSIS

Copeland's Motion fails to establish a substantial likelihood of success on the merits. Under *Younger v. Harris*, the federal government, "anxious though it may be to vindicate and protect federal rights and federal interests," must always "endeavor[] to do so in ways that will not unduly interfere with the legitimate activities of the States." *Younger v. Harris*, 401 U.S. 37, 44 (1971). This is known as the *Younger* abstention doctrine. Generally, federal courts must "decline to exercise jurisdiction" when "(1) the federal proceeding would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. Louisiana Pub. Def. Bd.*, 677 F.3d 712, 717 (5th Cir. 2012) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

The Court finds that it likely will abstain from considering this matter entirely under the *Younger* abstention doctrine. *See Nuran Inc. v. City of Dallas*, No. 3:22-CV-1105-X, 2022 WL 2078213, at *4 (N.D. Tex. June 9, 2022) (denying motion for TRO where the court found that it would likely abstain from the matter); *McKenzie v. Texas*, No. 4:23-CV-00371-O-BP, 2023 WL

4828404, at *6 (N.D. Tex. June 16, 2023) (recommending that the court abstain from ruling on any constitutional questions regarding the validity of state family court issues), *rec. adopted*, No. 4:23-CV-00371-O-BP, 2023 WL 4826224 (N.D. Tex. July 27, 2023), *appeal dismissed*, No. 23-10829, 2023 WL 9547838 (5th Cir. Nov. 13, 2023). First, although Copeland does not raise *Younger*, she undisputedly asks the Court to interfere with an ongoing state judicial proceeding. *See* ECF No. 8 at 2, 4 ("A hearing is set for Friday, May 31, 2024[,]" and "Plaintiff requests the Court to . . . "[i]ssue an emergency stay on current proceedings[.]").

Second, family and child custody and support issues are important state interests. *See Moore v. Sims*, 442 U.S. 415, 434 (1979) ("Family relations are a traditional area of state concern"); *Crouch v. Crouch*, 566 F.2d 486, 487 (5th Cir. 1978) (holding that the federal judiciary traditionally refuses to exercise diversity jurisdiction in domestic relations cases because of "the strong state interest in domestic relations matters, the competence of state courts in settling family disputes, the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts"); *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890) ("The whole subject of the domestic relations of . . . parent and child[] belongs to the law of the states, and not to the laws of the United States.").

Third, the pending state court action, and the right to appeal adverse judgments to the applicable state appellate court, afford the Copeland an adequate opportunity to litigate her claims. *See Middlesex Cnty.*, 457 U.S. at 435. Moreover, Copeland did not "'establish th[e] contention' that the state court would *not* provide an adequate opportunity to assert" her federal claims. *Nuran*, 2022 WL 2078213, at *4 (quoting *Bice*, 677 F.3d at 718-19). On this basis alone, Copeland fails to carry her burden. *Id.*

Thus, the three prerequisites of *Younger* abstention are satisfied, and the Court can only assert jurisdiction if "certain narrowly delimited exceptions to the abstention doctrine apply." *Bice*, 677 F.3d at 716 (internal quotation marks and citation omitted). These exceptions are as follows:

> (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) application of the doctrine was waived.

*Id.* at n.3 (quoting *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004)). None of the exceptions apply here.

## V.    CONCLUSION

Accordingly, because the Court likely will abstain from considering this matter under *Younger*, Judge O'Connor should **DENY** Copeland's Motion for injunctive relief (ECF No. 8).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except

upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on May 29, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE