## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **KATHRYN COPELAND,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:24-cv-00341-O-BP** |
| | § | |
| **JESUS NEVAREZ, JR.,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Complaint (ECF No. 2), response to the Court's questionnaire (ECF No. 15), and Amended Complaint (ECF No. 16) filed by Plaintiff Kathryn Copeland ("Copeland"). The case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 1. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** Copeland's claims for injunctive and declaratory relief **without prejudice** because the Court should abstain from hearing the case under the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971). The undersigned further **RECOMMENDS** that Judge O'Connor **DISMISS** Copeland's remaining claims for the reasons provided below.

## I.    BACKGROUND

*Pro se* plaintiff Copeland sued two state court judges and Tarrant County alleging federal law violations arising from state court litigation that concerns custody of Copeland's minor children. ECF Nos. 1; 15 at 12; 16. Copeland asserts that she is disabled by several conditions that impede her "ability to participate fully in the legal proceedings." ECF No. 16 at 2. *Id.* She applied for several accommodations, but Defendant Judge Judith Wells ("Judge Wells") denied them. *Id.*

at 4. She argues that this, as well as several other actions by Defendant Judge Jesus Nevarez, Jr. ("Judge Nevarez") violated various rights arising under the Fourteenth Amendment and the Americans with Disabilities Act ("ADA"). *Id.* at 3. These violations have caused Copeland monetary, physical, and emotional damages for which she seeks monetary, injunctive, and declaratory relief from Defendants. ECF Nos. *Id.* at 6-7.

## II.     LEGAL STANDARDS

### A.     *Younger* Abstention

Federal courts should abstain from hearing certain types of cases. Federal courts generally are obliged to decide cases within their jurisdiction: "[T]he pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (brackets in original). However, under the abstention doctrine explained in *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny, courts recognize "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief." *Sprint*, 571 U.S. at 72. *Younger* abstention applies in three "exceptional" circumstances: "state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.* at 73 (internal quotation marks omitted) (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 367-68 (2013)). Federal courts have a duty to ensure abstention under *Younger* would not be proper for the cases before them and may raise the issue *sua sponte*. *Lawrence v. McCarthy*, 344 F.3d 467, 470 (5th Cir. 2003); *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n.1 (5th Cir. 1999).

### B.    28 U.S.C. § 1915

When a plaintiff proceeds *in forma pauperis*, her complaint is subject to *sua sponte* dismissal if it is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). To state a viable claim for relief, Federal Rule of Civil Procedure 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). To demonstrate entitlement to relief, the complaint must plead "enough facts to state a claim to relief that is plausible on its face" with sufficient specificity to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Court subjects the pleadings of *pro se* parties to less rigid analysis than those of a party represented by counsel. Courts must hold "a *pro se* complaint, 'however inartfully pleaded,' . . . to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

### C.    Judicial Immunity

Judges generally enjoy absolute immunity from suits for damages. *Davis v. Tarrant Cnty.,*

*Tex.*, 565 F.3d 214, 221 (5th Cir. 2009). There are only two exceptions. *Id.* "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citations omitted). "Allegations of bad faith or malice are not sufficient to overcome judicial immunity." *Davis*, 565 F.3d at 221.

Discerning whether an act is "truly judicial" or "simply happen[s] to have been done by [a] judge[]" is a difficult task. *Id.* (internal quotation marks omitted) (quoting *Forrester v. White*, 484 U.S. 219, 227 (1988)). The Court must distinguish "between judicial acts, and the administrative, legislative, or executive functions that judges may on occasion be assigned by law to perform." *Forrester*, 484 U.S. at 227. Administrative decisions, though "essential to the very functioning of courts" are not judicial acts. *Davis*, 565 F.3d at 222 (footnote omitted).

Courts must consider "the 'nature' and 'function' of the act, not the 'act itself'" as well as "the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Mireles*, 502 U.S. at 12-13 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). The Fifth Circuit considers four factors to determine whether a judge's actions were judicial in nature:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Davis*, 565 F.3d at 222. Courts should broadly construe the factors in favor of immunity. *Id.* Courts need not always consider all four factors. *Daves v. Dall. Cnty., Tex.*, 22 F.4th 522, 539 (5th Cir. 2022).

### D.    Dismissal With or Without Prejudice

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). As a result, courts generally

allow plaintiffs at least one opportunity to amend their pleadings. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329-30 (2002). Nonetheless, a court may appropriately dismiss an action with prejudice if it finds that the plaintiff has alleged her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). Likewise, a court may dismiss a complaint with prejudice, thus foreclosing the plaintiff's opportunity to amend, whenever amendment of the pleadings would be futile. *See Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016).

## III.    ANALYSIS

### A.    The Court should abstain from considering Copland's claims for injunctive and declaratory relief.

Copeland's case implicates the third "exceptional circumstance" when *Younger* abstention is proper: "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint*, 571 U.S. at 72. Federal courts consistently abstain from ruling on cases that are inextricably connected to the important state interest of child custody. *See, e.g.*, *Marlett v. Heath*, No. 3:18-cv-2812-M-BN, 2018 WL 5723163, at *3 (N.D. Tex. Oct. 23, 2018), *rec. adopted*, No. 3:18-cv-2812-M, 2018 WL 5717431 (N.D. Tex. Oct. 31, 2018) (abstaining under *Younger* from ruling on father's challenge to California state actions that allegedly violated a Texas child support and custody order); *Machetta v. Moren*, No. 4:16-cv-2377, 2017 WL 2805192 (S.D. Tex. Apr. 13, 2017), *rec. adopted*, 2017 WL 2805002 (S.D. Tex. June 28, 2017) (abstaining under *Younger* from ruling on father's challenge to judicial procedures used in custody case under facts virtually identical to the present matter); *Karl v. Cifuentes*, No. 15-cv-2542, 2015 WL 4940613, at *4 (E.D. Pa. Aug. 13, 2015) ("Custody cases are particularly appropriate for *Younger* abstention.").

When applicable, *Younger* requires abstention in suits for injunctive and declaratory relief when three conditions are met: "(1) the federal proceeding would interfere with an 'ongoing state

judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an 'adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)); *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016). If these conditions are met, the Court should abstain unless the plaintiff shows bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate. *Middlesex Cty.*, 457 U.S. at 429 (1982).

The Court should abstain here because this case meets all three conditions. Continuation of this case would interfere with ongoing state court proceedings because the very relief Copeland requests interferes with the state's custody decree. *See* ECF No. 15 at 12-14. The pendency of an action in state court is not, by itself, reason for a federal court to decline to exercise otherwise valid jurisdiction. *Sprint*, 571 U.S. at 73. However, because the relief Copeland requests necessitates intervention in the state proceeding, exercising federal jurisdiction in this matter would effectively hijack the proceeding from the state court. As for the second condition, the regulation of child custody is an important state interest. *Moore v. Sims*, 442 U.S. 415, 434 (1979) ("Family relations are a traditional area of state concern"); *Crouch v. Crouch*, 566 F.2d 486, 487 (5th Cir. 1978) (holding that the federal judiciary traditionally refuses to exercise diversity jurisdiction in domestic relations cases because of "the strong state interest in domestic relations matters, the competence of state courts in settling family disputes, the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts"); *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890) ("The whole subject of the domestic relations of . . . parent and child[] belongs to the law of the states, and not to the laws of the United States.").

Finally, the pending state court action affords Copeland an adequate opportunity to litigate her claims. *See Middlesex Cty.*, 457 U.S. at 435; *Paprock v. Brown*, No. A-15-CV-1073 LY, 2015 WL 12734166, at *2 (W.D. Tex. Dec. 7, 2015) (dismissing a similar case under *Younger* and *Middlesex Cty.*). Moreover, Copeland did not "'establish th[e] contention' that the state court would *not* provide an adequate opportunity to assert" her federal claims. *Nuran Inc. v. City of Dall.*, No. 3:22-CV-1105-X, 2022 WL 2078213, at *4 (N.D. Tex. June 9, 2022) (emphasis in original) (quoting *Bice*, 677 F.3d at 718-19). While Copeland makes allegations of potential child abuse in this matter, she should address those issues to law enforcement and the state court that issued the initial custody decree, not a federal court unrelated to the proceeding.

The applicability of *Younger* is not absolute. The Fifth Circuit has identified three exceptions where the doctrine, though otherwise applicable, should not be invoked: (1) cases involving bad faith or harassment; (2) litigation concerning a flagrantly unconstitutional statute; and (3) instances where the doctrine's application was waived. *See Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004). Because none of those exceptions apply here, the Court should abstain under *Younger* and **DISMISS** Copeland's claims for injunctive and declaratory relief **without prejudice**. *Salas v. Waybourn*, No. 4:19-cv-236-O, 2019 WL 6717095 (N.D. Tex. Dec. 10, 2019) (*Younger* dismissals are without prejudice).

This leaves only Copeland's requests for monetary damages, which "do not fall within the purview of the *Younger* abstention doctrine." *Saloom v. Texas Dep't of Fam. & Child Protective Servs.*, 578 F. App'x 426, 429 (5th Cir. 2014) (internal quotation marks and citation omitted).

### B.    Judges Nevarez and Wells are entitled to absolute immunity.

Copeland argues that Judge Nevarez denied her due process by (1) "[i]mproperly extend[ing] a Temporary Ex Parte Restraining Order beyond its 14-day expiration without proper

7

hearings"; (2) "[c]onsistently refus[ing] to schedule hearings within appropriate timeframes"; (3) requiring Copeland "to present her case first during a hearing, contrary to standard legal procedures" and "den[ying] her psychologist . . . the opportunity to testify first, disrupting the intended flow of evidence presentation"; (4) "[i]ssu[ing] $500 sanctions against [her] for filing a Motion for Clarification, despite it being a legitimate legal request"; and (5) "[i]mpos[ing] arbitrary limits on the older child's acting career, impacting her opportunities without cause or a hearing." ECF No. 16 at 3; *see also* ECF No. 15 at 4. Copeland argues that such actions "align more closely with administrative decisions impacting court accessibility and procedural fairness" and constitute action outside of Judge Nevarez's official role. ECF No. 15 at 3-4.

As for Judge Wells, Copeland complains that she (1) "[i]mproperly handled hearings, dismissed motions without proper consideration, [] denied the plaintiff the opportunity to present crucial evidence[, and e]xhibited bias against" her; (2) "[e]xtended temporary orders without proper jurisdiction or legal basis"; (3) denied Copeland's "requests for ADA accommodations, impeding her participation in legal proceedings"; and (4) "[r]uled against [Copeland's] affidavit of indigency without a proper hearing or consideration of her financial status." ECF No. 16 at 3-4; *see also* ECF No. 15 at 6-7.

The four factors from *Davis* support a finding that Judges Nevarez and Wells acted within their judicial capacities in each instance that Copeland cites. Courtroom procedure, sanctions, scheduling orders, and rulings all are normal judicial functions. The acts occurred either in the judges' courtrooms or chambers. Each act pertained directly to the child custody case before the judges. And the judges undertook each act in their official capacity. Thus, the Court finds that Copeland's claims concern the judicial actions of Judges Nevarez and Wells.

Copeland also contends that Judges Nevarez and Wells acted in complete absence of all jurisdiction, but the facts she alleges do not support this conclusion. *See* ECF No. 15 at 3-4 ("The combination of unlawful procedural extensions, denial of essential hearings, refusal to accommodate disabilities, and demonstrable bias collectively show that Judge Nevarez acted in complete absence of jurisdiction[.]"), 8-9 ("Judge Wells acted in complete absence of jurisdiction by violating [her] civil rights and disregarding procedural requirements[.]"). Indeed, Copeland's pleadings indicate that the underlying proceeding is the initial child custody determination, meaning that it will retain continuing jurisdiction over the custody dispute. *See In re S.J.A.*, 272 S.W.3d 678, 682 (Tex. App.—Dallas 2008, no pet.). Accordingly, Copeland's argument that Judges Nevarez and Wells acted in complete absence of all jurisdiction is meritless.

Because neither exception applies, Judges Nevarez and Wells are entitled to absolute judicial immunity for the acts that Copeland states, and Judge O'Connor should **DISMISS** Copeland's claims against them.

### C.    Copeland has not stated a claim against Tarrant County.

Copeland alleges that Tarrant County violated her (1) right to due process under the Fourteenth Amendment; (2) "fundamental right to safety and protection" and fundamental right to parent her children; and (3) rights arising under the ADA. ECF No. 7 at 6. Counties are not entitled to sovereign immunity (*Luke v. Texas*, 46 F.4th 301, 305 (5th Cir. 2022) (collecting cases)), so the Court examines whether "within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington*, 528 F.2d at 1370.

       1.    <u>Copeland has not identified a life, liberty, or property interest that Tarrant County took from her.</u>

The proper vehicle for a Fourteenth Amendment claim is 42 U.S.C. § 1983. *Burns–Toole v. Byrne*, 11 F.3d 1270, 1273 n.3 (5th Cir.1994). "In a section 1983 cause of action asserting a due process violation, a plaintiff must first identify a life, liberty, or property interest protected by the Fourteenth Amendment and then identify a state action that resulted in a deprivation of that interest." *Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995) (collecting cases). Copeland alleges that Tarrant County "either ignored or denied" her "applications" for a protective order "without a proper hearing" in violation of her "right to due process under the Fourteenth Amendment, impeding [her] ability to seek legal protection." ECF No. 7 at 6. Copeland therefore identifies no life, liberty, or property interest of which Tarrant County deprived her, and this claim is frivolous.

       2.    <u>Copeland has not stated a claim that a fundamental right to safety exists.</u>

Copeland asserts that "Tarrant County failed to protect [her] fundamental right to safety" by "not hearing the protective order application" and "leaving [her] and her children vulnerable." ECF No. 7 at 6. There is no enumerated right to "safety and protection" in the Constitution. Copeland cites to no authority to show that any other authority protects a fundamental right to safety or protection. Thus, the issue is whether "safety and protection" is a fundamental right, guaranteed by substantive due process. *See Washington v. Glucksberg*, 521 U.S. 702, 702-703 (1997). Substantive due process "protects those fundamental rights and liberties, which are, objectively, deeply rooted in this Nation's history and tradition," but not specifically enumerated by the Constitution. *Id.* at 720-21 (internal citation and quotation marks omitted). Such rights must be "implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Id.* (citation and internal quotation marks omitted). The Supreme Court has

"required in substantive-due process cases a careful description of the asserted fundamental liberty interest." *Id.* (citation and internal quotation marks omitted). Copeland provides no such description.

Moreover, to implicate a fundamental right, a government action must, at a minimum, "*significantly* interfere[] with the exercise of" it. *Kovac v. Wray*, 363 F. Supp. 3d 721, 752 (N.D. Tex. 2019) (citing *Zablocki v. Redhail*, 434 U.S. 374, 388 (1978)) (emphasis supplied by *Kovac*). Even if substantive due process guarantees a fundamental right to safety, Copeland makes "no allegation of physical injury" to her children or her, and she has offered "no substantial argument" that refusal to hear a protective order application "deprives the applicant of an unenumerated constitutional right to ['safety and protection'] recognized by our Nation's history and traditions." *See Flowers v. City of Minneapolis, Minn.*, 478 F.3d 869, 873 (8th Cir. 2007). Thus, this claim too is frivolous.

3.     <u>Copeland did not state any other claim against Tarrant County.</u>

Copeland claims that "Tarrant County's family law judges denied [her] requests for ADA accommodations, impacting [her] ability to participate fully in legal proceedings." ECF No. 7 at 6. Under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

Copeland alleges no facts to show that Tarrant County discriminated against her under the ADA. She alleges that "Tarrant County conferred the responsibility for ADA compliance to the court, specifically Judge Wells, thereby implicating the county in the failure to provide necessary accommodations." ECF No. 16 at 4. While Copeland raises a slew of allegations against Judge Wells, she alleges no facts to show that Tarrant County took any discriminatory or retaliatory

11

actions against her. A "judge's judicial actions cannot be attributed to the county." *Kastner v. Lawrence*, 390 F. App'x 311, 316 (5th Cir. 2010) (citing *Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir. 1995)). Copeland's allegations do not implicate any policy of the county.

Similarly, Copeland asserts that "the defendants' actions severely impacted the plaintiff's ability to participate fully in the legal proceedings, thus depriving her of her fundamental right to parent her children." ECF No. 16 at 3. But again, the facts she alleges only implicate the official acts of Judges Nevarez and Wells and do not support a cause of action under Copeland's pleadings, indulgently read. *Covington*, 528 F.2d at 1370. Therefore, Judge O'Connor should **DISMISS** Copeland's claims against Tarrant County.

The decision to allow amendment of the pleadings is within the "sound discretion of the district court." *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). In determining whether to allow an amendment of the pleadings, courts consider factors such as undue delay in the proceedings, undue prejudice to the opposing parties, timeliness of the amendment, and futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir.1982). But "[a]t some point, a court must decide that a plaintiff has had fair opportunity to make [her] case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (alteration in original) (quoting *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986)). Copeland has pleaded her best case after filing an Original and Amended Complaint and a response to the Court's questionnaire. The undersigned concludes that allowing her another opportunity would be an inefficient use of the Court's resources, cause unnecessary delay, and be futile.

## IV.     CONCLUSION

Accordingly, the undersigned recommends that Judge O'Connor abstain from Copeland's claims for injunctive and declaratory relief and **DISMISS** them **without prejudice**. Judge O'Connor should **DISMISS** Copeland's remaining claims because judicial immunity shields Judges Nevarez and Wells, and Copeland does not state a claim against Tarrant County.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on July 23, 2024.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE